# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PATRICK JEROME STEWARD, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:19-CV-1395 NAB |
| KELLY KING and WARREN COUNTY, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of *pro se* plaintiff Patrick Jerome Steward for leave to commence this action without prepayment of the required filing fee. Having reviewed the motion, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, this case will be dismissed without prejudice for failing to state a claim upon which relief may be granted, and for alleging legally frivolous claims. *See* 28 U.S.C. § 1915(e)(2).

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has filed two motions to proceed *in forma pauperis* – one on a court-provided form and one hand-written. *See* ECF Nos. 3 & 6. Both motions state that plaintiff is a poor person unable to pay the filing fee and that he is not employed. Plaintiff does occasionally receive money from a friend, but he states that he currently has no funds in his prison account. ECF No. 6 at 2. On June 14, 2019, plaintiff filed a "Motion to Subpoena Account," seeking the Court's assistance in getting an inmate account statement from the Warren County Jail where he was incarcerated. ECF No. 5. Plaintiff notes that the Jail provided an account statement for a different case that plaintiff currently has pending before this Court. *See Steward v. Gregory*, No. 4:18-CV-1768-JAR (E.D. Mo. Oct. 15, 2018). Based on the financial information plaintiff has submitted, the Court will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

### The Complaint[1]

Plaintiff, who is currently an inmate at Fulton Correctional Center but was being held at the Warren County Jail at the time of the allegations, brings this action under 42 U.S.C. § 1983. Plaintiff names two defendants in both their individual and official capacities: (1) Warren County prosecuting attorney Kelly King and (2) Warren County, Missouri.

Plaintiff states his claims against the defendants in a few short paragraphs:

Held in the Warren County Jail against my will. Kelly King employed by Warren County has me false imprisoned, malicious prosecution, extreme bond for misdemeanor charges. Double jeopardize.

---

[1] Plaintiff filed his initial complaint (ECF No. 1) on May 20, 2019, however it was not signed as required by the Federal and Local Rules. *See* Fed. R. Civ. P. 11; E.D. Mo. L.R. 2.01(A)(1). The Court ordered the Clerk of Court to return the unsigned complaint to plaintiff and directed the plaintiff to complete, sign, and return the complaint to the Court. ECF No. 4. The returned, signed complaint was docketed as a supplement on June 14, 2019. ECF No. 7.

> Warren County Jail failed to protect me from being assaulted by another inmate.
> In conspiracy with Kelly King to keep me kidnapped against my will.
>
> 5th, 6th, 8th, 14th Amendment violations.
> Being deprived of life, liberty, and property.

ECF No. 7 at 3.

For relief, plaintiff seeks $1500 per day that he has been falsely imprisoned and has had his civil rights violated, and $250,000 in punitive damages. According to plaintiff, he has suffered from chest pains, high blood pressure, numbness in his face as a result of assault, mental anguish, shortness of breath, and "dreams of [his] demise while in the County Jail." ECF No. 7 at 4. Plaintiff also complains about missing out on the life of his young daughter while being held "against his will." *Id.*

## Background

Independent review on Missouri Case.net, the State of Missouri's online docketing system, shows that on May 21, 2019, a jury in Warren County, Missouri found plaintiff Patrick Jerome Steward guilty of resisting arrest. *See State v. Steward*, Case No. 17BB-CR00672-01 (12th Jud. Cir. Jan. 10, 2018).[2] On July 19, 2019, Steward was sentenced to seven (7) years confinement. *Id.*; *see also* ECF No. 10. Kelly King is listed as the prosecuting attorney on the case.

A review of the docket of this Court reveals that plaintiff filed a case with this Court on October 15, 2018, in which he alleged improper medical treatment for his high blood sugar while incarcerated at Warren County Jail. *See Steward v. Gregory*, No. 4:18-CV-1768-JAR (E.D. Mo. Oct. 15, 2018). Later, plaintiff filed six supplements to his complaint in that matter, setting forth many additional claims. One such claim was that plaintiff was assaulted at the Warren County

---

[2] A search on Missouri Case.net reveals multiple cases involving plaintiff; however, plaintiff filed a supplement to his complaint on June 21, 2019, that contains the docket sheet for this state court case number and a motion filed in the matter. *See* ECF No. 8 at 5-18.

Jail by another inmate. *Id.* at ECF No. 3. Plaintiff also made allegations of malicious prosecution, false imprisonment, "extreme bond," double jeopardy, and conspiracy between Kelly King and the Jail to keep him confined. *Id.* at ECF Nos. 4, 7, & 8. When the Court in that matter reviewed plaintiff's filings, it found that plaintiff had improperly joined in a single lawsuit, a multitude of claims against different defendants that arise out of different occurrences or transactions. *Id.* at ECF No. 9. However, the Court gave plaintiff an opportunity to file an amended complaint, which he did on May 17, 2019. *Id.* at ECF No. 10. Plaintiff's amended complaint only alleges claims relating to allegedly inadequate medical care in the treatment and control of plaintiff's blood sugar level by medical service provider defendants. Plaintiff's amended complaint does not name either of the defendants in this matter.[3] *Id.*

## Discussion

### A. Defendant Prosecutor Kelly King

Plaintiff's claims against prosecuting attorney Kelly King are subject to dismissal for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2). Plaintiff alleges King falsely imprisoned him, maliciously prosecuted him, asked for an "extreme" bond in his case, and conspired with the Warren County Jail to "kidnap" him against his will. Plaintiff provides no factual basis for any of these allegations and points to no specific wrongdoing on the part of prosecutor King. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). To the extent plaintiff can be understood to seek monetary damages against prosecutor King for initiating a prosecution and presenting a criminal case against him in court, such allegations fail to state a claim under § 1983.

---

[3] Because plaintiff's amended complaint in his other pending matter before this Court does not reassert allegations of malicious prosecution, false imprisonment, extreme bond, double jeopardy, and conspiracy – as asserted in this case – the Court will not discuss the possible duplicative nature of these two suits. *See I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986) (general rule for determining duplicative litigation is whether parties, issues, and available relief do not significantly differ between two actions).

Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case, even when vindictive prosecution is alleged. *See Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987) (prosecutorial immunity extends even to allegations of vindictive prosecution) (*abrogated on other grounds*); *see also Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (prosecutors are absolutely immune from civil rights claims based on actions taken while initiating and pursuing a criminal prosecution); *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process").

Plaintiff states in one of the supplements to his complaint that he believes he was falsely imprisoned as part of a conspiracy and he is being held against his will "for offenses that are only a ticket, fines." ECF No. 8 at 21. To the extent that plaintiff is challenging the sentence that he received in state court, such a claim must be brought as a habeas petition. Both the federal habeas corpus statute, 28 U.S.C. § 2254, and the civil rights statute, 42 U.S.C. § 1983, provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials. But these statutes differ in both scope and operation. Generally, a prisoner's challenge to the validity of his confinement or to matters affecting its duration falls within the province of habeas corpus and, therefore, must be brought pursuant to § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). If plaintiff is seeking to expunge or vacate his conviction, the action is most likely one that should be brought pursuant to habeas corpus, or § 2254.

Finally, in an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also*

*Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). As such, plaintiff's official capacity claim against defendant King is actually a claim against King's employer, Warren County. Therefore, this claim is also subject to dismissal as duplicative or redundant of the claims plaintiff brings directly against Warren County. *See Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010).

For all of these reasons, plaintiff's claims against prosecutor Kelly King are legally frivolous or fail to state a claim, and therefore will be dismissed.

### B. Defendant Warren County

Plaintiff's claims against Warren County are also subject to dismissal. The only specific factual allegation made against the Warren County Jail is that it failed to protect plaintiff from being assaulted by another inmate. The Eighth Amendment requires officials to "provide humane conditions of confinement" by taking reasonable steps to protect inmates convicted of crimes from assault by other inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To state a failure to protect claim, plaintiff must show that (1) defendants were aware of facts from which they could infer the existence of a substantial risk of serious harm to him, (2) they actually drew the inference, and (3) they failed to take reasonable steps to protect him. *Id.* at 836-47. Plaintiff alleges none of these. He provides to factual basis for his conclusory allegation. Not only are no details of the assault provided, plaintiff does not assert that the Jail was aware of any risk to him

or that they failed to take reasonable steps to protect him. Plaintiff's failure to protect allegation against Warren County fails to state a claim upon which relief may be granted.

As for any general § 1983 claims against Warren County, those are also subject to dismissal. In *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978), the Supreme Court held that a municipality or local governing body can be directly liable under § 1983. Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which a plaintiff can prove municipal liability.

First, "policy" refers to an "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action … made from among various alternatives by the official or officials responsible … for establishing final policy with respect to the subject matter in question") (internal quotations omitted). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn Park, Minn.*, 486 F.3d 385, 390 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.*

Alternatively, in order to establish a claim of liability based on "custom," the plaintiff must demonstrate:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013). Finally, to demonstrate deliberate indifference for purposes of failure to train, the plaintiff must show a "pattern of similar constitutional violations by untrained employees." *S.M. v Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff's complaint contains no allegations that any actions taken towards him were the result of a Warren County official policy, unofficial custom, or its failure to train or supervise. Such allegations are necessary to state an official capacity claim. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights). Plaintiff's conclusory allegations against the Jail and County are not sufficient to state a valid claim for municipal liability.

**C. Conspiracy Allegations against Both Defendants**

As for plaintiff's allegations of a conspiracy between King and the Jail to keep him confined, it is not enough to set forth only vague, conclusory, or general allegations that the

defendants engaged in a conspiracy.  To plead a § 1983 claim for conspiracy, a plaintiff must allege:

> (1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff. The plaintiff is additionally required to [allege] a deprivation of a constitutional right or privilege in order to prevail on a § 1983 civil conspiracy claim.

*Burton v. St. Louis Bd. of Police Com'rs*., 731 F.3d 784, 798 (8th Cir. 2013) (quoting *White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008) (internal citation omitted)).  To demonstrate the existence of a conspiracy, a plaintiff must also allege a meeting of the minds among the conspirators "sufficient to support the conclusion that the defendants reached an agreement to deprive the plaintiff of constitutionally guaranteed rights."  *Id.* at 798-99.

Here, plaintiff has failed to plead a meeting of the minds among the alleged conspirators. The complaint is devoid of any factual detail indicating that King and the Warren County Jail, or any officers or administrators employed there, conspired with each other.  Without further facts implying that defendants agreed to deprive him of any constitutional rights, plaintiff fails to state a claim as to both defendants for conspiracy under 42 U.S.C. § 1983.

For all of these reasons, plaintiff's claims against prosecutor Kelly King and Warren County are legally frivolous or fail to state a claim upon which relief may be granted, and therefore will be dismissed under 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within **twenty-one (21) days** of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name;

(2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's *pro se* motion to subpoena account [ECF No. 5] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's second motion to proceed *in forma pauperis* [ECF No. 6] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to either of the defendants because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both. Plaintiff's claims against defendants Kelly King and Warren County are **DISMISSED without prejudice**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 27th day of August, 2019.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE